IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| ANTHONY WALKER | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-08-CV-0936-D |
| | § | |
| FEDERAL BUREAU OF INVESTIGATION, | § | |
| ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se Bivens* action brought by Anthony Walker, a federal prisoner, against the Federal Bureau of Investigation ("FBI") and two supervisory officials. On November 16, 2007, plaintiff filed a form civil rights complaint in the Beaumont Division of the Eastern District of Texas and sought leave to proceed *in forma pauperis*. After authorizing plaintiff to proceed *in forma pauperis*, the Beaumont court transferred the action to the Dallas Division of the Northern District of Texas. *Walker v. Federal Bureau of Investigation, et al.*, No. 1:07-CV-898 (E.D. Tex. May 7, 2008).[1] Two sets of written interrogatories were then sent to plaintiff in order to obtain additional information about the factual basis of this suit. Plaintiff answered the interrogatories on July 15,

---

[1] Venue is proper in the Dallas Division of the Northern District of Texas because the individual defendants reside in this district. *See* 28 U.S.C. § 1391(b).

2008 and August 4, 2008. The court now determines that this case should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

II.

Plaintiff is currently serving a 10-year prison sentence for robbing a Bank of America in Fort Worth, Texas. As part of the judgment in that case, plaintiff was ordered to make full restitution to the bank in the amount of $2,923.00. According to plaintiff, the FBI and two supervisory officials, Robert Casey, Jr. and Wilbur M. Gregory, violated his civil rights by returning to the bank $1,436.47 in cash seized at the time of his arrest without a forfeiture hearing. By this suit, plaintiff seeks $700,000 in compensatory and punitive damages from each defendant.

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

(1) is frivolous or malicious;

(2) fails to state a claim upon which relief can be granted; or

(3) seeks money relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). In order to state a claim upon which relief can be granted, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). While a complaint does not need detailed factual allegations, the plaintiff must allege more than "labels," "conclusions," and "formulaic recitation[s] of the elements of a cause of action[.]" *See Twombly*, 127 S.Ct. at 1964-65. "Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Id.* at 1965. The court must accept all well-pleaded facts as true and view the allegations in the light most

favorable to the plaintiff. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007), *cert. denied*, 128 S.Ct. 1231 (2008).

B.

The court initially observes that the FBI is not a proper party to a *Bivens* action. The purpose of *Bivens* is to deter federal officers--not federal agencies. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 484-85, 114 S.Ct. 996, 1005-06, 127 L.Ed.2d 308 (1994) ("If we were to imply a damages action directly against federal agencies, thereby permitting claimants to bypass qualified immunity, there would be no reason for aggrieved parties to bring damages actions against individual officers . . . [and] the deterrent effects of the *Bivens* remedy would be lost."). Consequently, plaintiff cannot sue the FBI under *Bivens*. *See Murphy v. Gordwin*, 262 Fed.Appx. 776, 777, 2007 WL 4570579 at *1 (9th Cir. Dec. 28, 2007) (affirming dismissal of *Bivens* claim against FBI); *Smith v. F.B.I.*, 22 Fed.Appx. 523, 524, 2001 WL 1450814 at *1 (6th Cir. Nov. 6, 2001) (same).

C.

Nor has plaintiff stated a claim for relief against the individual defendants named in his complaint. "*Bivens* provides a cause of action against federal agents only in their individual capacities and requires a showing of personal involvement." *Guerrero-Aguilar v. Ruano*, 118 Fed. Appx. 832, 833, 2004 WL 2980174 at *1 (5th Cir. Dec. 17, 2004) (citing cases). In order to maintain a cause of action against Robert Casey, Jr., the Special Agent in Charge of the Dallas FBI Field Office, or Wilbur M. Gregory, Chief Division Counsel, plaintiff must allege facts which, if proved, show that these defendants were personally involved in retaining or disposing of the money seized at the time of his arrest. *See Caldwell v. United States*, No. 98-35232, 1999 WL 397746 at *1 (9th Cir. May 27, 1999) (affirming summary judgment in favor of individual defendants in *Bivens* action seeking return of currency where plaintiff failed to prove personal involvement in the

retention or disposition of currency); *Thompson v. Williamson*, 962 F.2d 12 (Table), 1992 WL 94785 (8th Cir. May 11, 1992) (same).

Plaintiff attempts to meet this burden by citing to a letter written by Gregory, on behalf of Casey, in response to plaintiff's demand for the return of his money. In that letter, Gregory states:

> I have looked into this matter and have determined that during 2005 you were the subject of four bank robberies, one of which was the July 11, 2005, robbery of Bank of America, 3100 Alta Mesa Road, Ft. Worth, Texas. During that robbery, you stole $2,923.00. On July 22, 2005, you were arrested by the FBI and had $1,436.47 of stolen proceeds in your possession. You later were indicted and convicted of one count of bank robbery and sentenced to 10 years confinement.
>
> On June 26, 2006, *we returned the money, $1,436.47, obtained from you at the time of your arrest, to Bank of America, the victim institution.* If you have any further questions, please contact Chief Division Counsel, Wilbur M. Gregory Jr., at 972-559-5000.

(Plf. Compl., Exh. 2) (emphasis added). Evidently, plaintiff believes that by stating "we returned the money," Casey and Gregory admit their personal involvement in depriving him of his property without a forfeiture hearing. (*See* Mag. J. Sec. Interrog. #1 & 2). However, it is clear from the letter that Gregory was referring to the FBI as an agency, not any specific individual. Nowhere does Gregory suggest, much less admit, that either he or Casey was involved in the decision to return the money to the bank. Moreover, by stating that he "looked into the matter," it is apparent that Gregory had no prior knowledge of the incident. The mere fact that Casey and Gregory responded to plaintiff's inquiry is insufficient to demonstrate their personal involvement. *See Wallace v. Dretke*, No. 1:04-CV-195-C, 2004 WL 1932862 at *3 (N.D. Tex. Aug. 27, 2004), *appeal dism'd*, No. 05-10444 (5th Cir. May 11, 2005) (supervisory official was not personally involved in alleged constitutional deprivation by responding to letter written by prisoner); *Thompson v. Basse*, No. 2:03-CV-0312-J, 2005 WL 524966 at *8 (N.D. Tex. Mar. 3, 2005), *rec. adopted*, 2005 WL 623283 (N.D.

Tex. Mar. 17, 2005), *aff'd*, 202 Fed.Appx. 654, 2006 WL 2853593 (5th Cir. Oct. 5, 2006) (same).[2]

## RECOMMENDATION

Plaintiff's complaint should be summarily dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 19, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[2] Some courts have held that personal involvement may be established "where a supervisor's involvement went beyond merely the receipt of complaint letters, to responding, explaining the treatment and defending the institution[.]" *See O'Neil v. United States*, No. 5-07-CV-0358, 2008 WL 906470 at *5 n.6 (S.D. W.Va. Mar. 31, 2008) (internal quotations omitted). In the instant case, Gregory does not attempt to justify the return of the money or express an opinion regarding the appropriateness of the agency's actions. Rather, Gregory investigated the disposition of the proceeds and told plaintiff what happened to the money. On these facts, the court has little difficulty concluding that neither Casey nor Gregory was personally involved in the retention or disposition of the money seized from plaintiff.